# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-145-DCK

| | |
|---|---|
| **OAKRIDGE ASSOCIATES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **AUTO-OWNERS INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel" (Document No. 7). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the record, the motion, and applicable authority, the undersigned will grant the motion to compel.

## BACKGROUND

Plaintiff Oakridge Associates, LLC ("Plaintiff" or "Oakridge") filed a "Complaint" (Document No. 1-3) in the Superior Court of Mecklenburg County on June 12, 2009. Plaintiff's Complaint states claims for breach of contract, unfair and deceptive trade practices, and bad faith breach of insurance contract, against Defendant Auto-Owners Insurance Company ("Defendant"). (Document No. 1-3). On or about May 31, 2006, Jewell Gibson filed a lawsuit against Oakridge in Rowan County, North Carolina, alleging defects in a certain premises, and that Oakridge was liable to her for damages. Id. Oakridge contends that it had an insurance policy with Defendant, but that Defendant breached that policy when it improperly refused to indemnify or defend Oakridge against Ms. Gibson's lawsuit. Id.

On March 26, 2010, Defendant filed a "Notice Of Removal" (Document No. 1) bringing the action between Oakridge and Auto-Owners Insurance Company to this Court. "Defendant's Motion To Compel" was filed on August 31, 2010 and is now ripe for review.

**STANDARD OF REVIEW**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

The question before the Court is whether Plaintiff Oakridge can be compelled to produce a copy of its confidential "Settlement Agreement" with Jewell Gibson, related to Jewell Gibson v.

Oakridge Associates, LLC and Jay Snover, 06 CVD 1575, Rowan District Court. Defendant acknowledges in its "Reply To Plaintiff's Memorandum In Opposition To Defendant's Motion To Compel" (Document No. 12) that Plaintiff has produced other requested documents and that the Settlement Agreement is "[t]he only known document that remains to be produced by counsel for Oakridge."

Plaintiff Oakridge, in its "...Memorandum In Opposition To The Defendant's Motion To Compel" (Document No. 9) expresses only a limited objection to producing the Settlement Agreement. Specifically, Plaintiff contends that it is unable to make the document available because the Settlement Agreement is "confidential" and although Oakridge is willing to void the confidentiality provision, it "does not have standing to waive Jewel Gibson's right to confidentiality." (Document No. 9, p.2). Plaintiff states that it has been unsuccessful in making contact with Ms. Gibson or her Legal Aid attorney to get permission to produce the document. Id.

Neither party has offered any legal argument or citation to authority on the issue of whether or not a confidential settlement agreement can be produced under these circumstances. The Court's own research indicates that production of the Settlement Agreement is allowable. "To be discoverable, the settlement agreement must be, at least, reasonably calculated to lead to the discovery of admissible evidence." Polston v. Eli Lilly And Company, 2010 WL 2926159 at *1 (D.S.C. July 23, 2010). Polston further notes that

> a variety of courts have recognized a "settlement privilege," . . . or required a "particularized showing that admissible evidence will be generated" prior to allowing the discovery of a confidential settlement agreement. . . Many have not. . . . The Fourth Circuit has never recognized a settlement privilege or required a particularized showing in the context of a subpoena for confidential settlement documents. Nor can the court find any statute or rule excepting a confidential settlement agreement from Rule 26(b)(1). Accordingly, the only question before the court is whether any information in the

> [Gibson] agreement is relevant, and not unduly burdensome to produce.

Id. (internal citations omitted).

Plaintiff has not argued that production of the Settlement Agreement would in any way be "unduly burdensome." The record suggests that Plaintiff has the document, and is thus far only unwilling to produce it for fear of violating a confidentiality provision. Plaintiff's counsel considers the "relevancy debatable," but would like to make the document available, and has presented no objection based on relevancy or burden. (Document No. 9, p.2). Referring to the Settlement Agreement, Plaintiff's counsel stated in an August 27, 2010, email "... if you secure the legal services office's permission (and their client's), I will gladly produce it as it helps my case." (Document No. 8-7, p.2). Defendant's argument as to the relevancy of the document it seeks has been at best limited, but sufficiently persuasive, nonetheless – "[t]he settlement agreement is central to both whether there is insurance coverage and how much, since Plaintiff's suit seeks to recover the amounts paid by Plaintiff in settling the underlying suit." (Document No. 8, p.3).

"Discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action." Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 124 (M.D.N.C.1989). Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 402 states: "[a]ll relevant evidence is admissible...."

In this case, the undersigned finds that the disputed Settlement Agreement should be subject to discovery due to the possibility it contains information relevant to this case. Guided by Fourth

Circuit precedent, the Court finds that Plaintiff's legitimate interest in the confidentiality of the Settlement Agreement can be preserved by a protective order.

> There is an important distinction between privilege and protection of documents, the former operating to shield the documents from production in the first instance, with the latter operating to preserve confidentiality when produced. An appropriate protective order can alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case.

Virmani v. Novant Health Inc., 259 F.3d 284, 288 n.4 (4th Cir. 2001); see also, Cadmus Communications Corp. v. Goldman, 3:05cv257, 2006 WL 3359491 (W.D.N.C. Nov. 17, 2006). Thus, discovery of the Settlement Agreement need not be prevented.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel" (Document No. 7) is **GRANTED**. Defendant's request for costs and fees associated with the motion is **DENIED**.

**IT IS FURTHER ORDERED** that production of the Settlement Agreement shall be subject to a protective order. The parties, jointly if possible, shall submit a proposed protective order on or before **October 8, 2010**. Within five (5) days of the Court filing a protective order, the Plaintiff shall produce the Settlement Agreement, subject to the terms of the Court's protective order.

Signed: September 23, 2010

David C. Keesler
United States Magistrate Judge